UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

05 11068 REK

ROSNEL JOSEPH,

    Plaintiff,

v.

PAPA GINO'S INC.,

    Defendant.

MAGISTRATE JUDGE _____

Civil Action No. _____

## NOTICE OF REMOVAL

Defendant Papa Gino's, Inc. ("Papa Gino's"), hereby files this Notice of Removal of the above-captioned action from the Norfolk County Superior Court, pursuant to 28 U.S.C. §§ 1441 and 1446. In support of this Notice, the Defendant states as follows:

1. On or about May 3, 2005, a civil action was filed in the Superior Court of Massachusetts. On May 6, 2005, Papa Gino's became aware of said action. Pursuant to 28 U.S.C. § 1446(a), a true and accurate copy of the Complaint is filed herewith. There are no pending motions in the state court action.

2. The above-captioned action is one within the original jurisdiction of this Court pursuant to 28 U.S.C. § 1332(a)(1), in that complete diversity exists between Plaintiff and the Defendant. Defendant Papa Gino's is a corporation incorporated under the laws of the State of Delaware, with its principal place of business in the Commonwealth of Massachusetts. Plaintiff Rosnel Joseph is, according to his Complaint, a citizen of the State of Florida.

BOS1494081.1

-2-

3.  The above-captioned action is one within the original jurisdiction of this Court pursuant to 28 U.S.C. § 1332(b) because the amount in controversy in this action, exclusive of interest and costs, exceeds the sum or value of seventy-five thousand dollars ($75,000) according to the Civil Action Cover Sheet filed by the Plaintiff.

4.  This action is removable to this Court by Defendant Papa Gino's pursuant to 28 U.S.C. §§ 1441(a) and 1446(b) because this Court has original jurisdiction over it, this Notice of Removal is filed within 30 days of receipt of the Complaint by Papa Gino's, and the Court in which this action is commenced is within this Court's district and division.

5.  Written notice of the filing of this Notice of Removal will be sent via Certified Mail to Plaintiff and, together with a copy of the Notice of Removal, will be filed with the clerk of the Superior Court, as provided by 28 U.S.C. § 1446(d).

6.  Defendant will file with the Court attested copies of all records, proceedings and docket entries in the state court within thirty (30) days, pursuant to Local Rule 81.1.

WHEREFORE, Papa Gino's respectfully removes the aforesaid action to the United States District Court for the District of Massachusetts, in accordance with 28 U.S.C. § 1441, *et seq.*

Respectfully submitted,

PAPA GINO'S, INC.,

By their attorneys,

Ellen M. Majdloch (BBO # 637218)
David S. Rosenthal (BBO # 424260)
Nixon Peabody LLP
100 Summer Street
Boston, MA 02110
617-345-1000

Dated: May 20, 2005

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party pro se plaintiff by mail/hand on 5-20-05

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 05  00785 | Trial Court of Massachusetts Superior Court Department County: Norfolk |
|---|---|---|

**PLAINTIFF(S)** Rosnel Joseph

**DEFENDANT(S)** Papa Gino's Inc.

**ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE** 1165 NE 134th St, pro se, North Miami, FL 33161, (305) 893-1615

**ATTORNEY (if known)**

Board of Bar Overseers number:

### Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B22 | Emply. Discrim. | (F) | (X) Yes ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ... $
2. Total Doctor expenses ... $
3. Total chiropractic expenses ... $
4. Total physical therapy expenses ... $
5. Total other expenses (describe) ... $
Subtotal $

B. Documented lost wages and compensation to date ... $ 104,000 +
C. Documented property damages to date ... $
D. Reasonably anticipated future medical and hospital expenses ... $ 104,000 +
E. Reasonably anticipated lost wages ... $
F. Other documented items of damages (describe) $

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
was fired in a retaliatory and discriminatory manner and was not promoted due to discrimination

TOTAL $ 300,000 +

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

N/A

TOTAL $ ...

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____ DATE: _____

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

COMMONWEALTH OF MASSACHUSETTS

Norfolk, ss                                              SUPERIOR COURT

```
ROSNEL JOSEPH,            )
            Plaintiff,    )
                          )   CIVIL ACTION NO.:  05  0078?
v.                        )
                          )
PAPA GINO'S Inc.,         )
            Defendant.    )
                          )
```

## COMPLAINT AND DEMAND FOR JURY TRIAL

### Introduction

Plaintiff Rosnel Joseph hereinafter ("Mr. Joseph") files this civil action for money damages against his former employer Defendant Papa Gino's, Inc., (hereinafter "Papa Gino's) alleging claims of unlawful discrimination on the basis of his race (black) and national origin (Haitian) in violation of M.G.L. c. 151B, § 4(1) and for retaliatory acts taken by Papa Gino's against Mr. Joseph for engaging in protected activity in violation of M.G.L. c. 151B, § 4(4).

### Jurisdiction

1. Jurisdiction of this action arises under M.G.L. c. 151B, § 9.

### Venue

2. Venue is proper in this court as this is the judicial district in which the defendant does business and in which the relevant events occurred.

### Parties

3. Plaintiff Rosnel Joseph (hereinafter "Mr. Joseph") is an individual residing in Miami, Dade County, Florida.

1

4. Defendant Papa Gino's Inc. (hereinafter "Papa Ginos") is a corporation duly organized pursuant to the laws of the state of Delaware with a principal place of business at 600 Providence Highway, Dedham, MA.

Factual Allegations

5. On May 1, 2001, Mr. Joseph was hired to participate in Papa Gino's five-week Management In Training program for the position of assistant manager in Papa Gino's Restaurant.

6. On May 15, 2001, Mr. Joseph began his training as an assistant manager at the Papa Gino's Restaurant located in Dedham, MA.

7. During the five-week training program, Mr. Joseph was required to demonstrate competency in various skills relevant to the assistant manager's position. Records indicate that on or about June 25, 2001, Mr. Joseph received "A" *Level Skills* in specific competencies required of an assistant manager in training.

8. In order to receive a promotion to assistant manager at Papa Gino's, an applicant was required to obtain a score of 90% or more on the written Management Training Program Examination (hereinafter "examination").

9. On the first written examination taken on July 10, 2001, Mr. Joseph received a score of 85%. For reasons unknown to Mr. Joseph, his score of 85% was changed to 71%.

10. Consistent with Papa Gino's employment and training policies, Mr. Joseph was permitted to take the examination for a second time. On the second examination taken in October 2001, Mr. Joseph received a score of 100%. However, again for

2

reasons unknown to Mr. Joseph, the examination score was improperly changed from 100% to 85%.

11. The altered second examination score improperly reflected that Mr. Joseph had failed the examination and distorted Mr. Joseph's employment record.

12. In October 2001, Mr. Joseph was transferred to work as an assistant manager at Papa Gino's Restaurant in Walpole Mall (hereinafter "Store # 187").

13. On January 8, 2002, a District Manager at Papa Gino's, Les Evon (hereinafter "Mr. Evon"), advised Mr. Joseph that he would be required to take a third examination.

14. Papa Gino's policy does not require managers in training to take a third examination to obtain the position of assistant manager. Furthermore, Mr. Evon's requirement that Mr. Joseph take a third examination was highly unusual because Mr. Joseph had, in fact, obtained a score of 100% on the second examination.

15. The deliberate misrepresentation of Mr. Joseph's examination scores was a clear distortion of Mr. Joseph's employment record and an attempt to prevent Mr. Joseph's progress within Papa Gino's.

16. Mr. Joseph, who is black and of Haitian descent, was the only manager in training at Papa Gino's required undergo a third examination.

17. On January 10, 2002, Mr. Joseph filed a Charge of Discrimination alleging discrimination on the basis of race and national origin with the Equal Employment Opportunity Commission (hereinafter "E.E.O.C."), Docket Number 16A200146 and a corresponding Charge of Discrimination with the

3

      Massachusetts Commission Against Discrimination (hereinafter "M.C.A.D.) Docket Number 02BEM00250.

18. After filing the Charge of Discrimination, Mr. Joseph was subjected to continuous harassment and intimidation by Mr. Evon. Upon learning of the Charge of Discrimination, Mr. Evon warned Mr. Joseph that he would "have a hard time at Papa Gino's."

19. In mid-February 2002, less than a month after filing a Charge of Discrimination, Mr. Joseph was involuntarily transferred from the Walpole Mall Store #187 to the Watertown Restaurant Store #62, a store that did less business volume and lessened Mr. Joseph's chances of obtaining a promotion to a manager's position.

20. Furthermore, Mr. Evon engaged in conduct which clearly evidenced disparate treatment in the terms and conditions of Mr. Joseph's employment. For instance, notwithstanding Papa Gino's policy requiring two employees to deposit the nightly receipts in the bank, Mr. Evon refused to allow other employees to accompany Mr. Joseph to deposit the night receipts in the bank.

21. Mr. Joseph was the only employee required to submit nightly deposits in the bank without the assistance of other employees.

22. Also, Mr. Evon engaged in a campaign of drafting substandard evaluations of Mr. Joseph's work performance to discredit him because he had filed a Charge of Discrimination.

23. Mr. Evon was so intent upon orchestrating a campaign against Mr. Joseph that the written warnings and performance evaluation contain clear misrepresentations of facts. For instance, Mr. Evon indicates in a written warning to Mr. Joseph dated

4

March 19, 2002, that general manager, Sharon Dalrymple, witnessed Mr. Evon's written signature on the document dated March 19, 2002. However, Ms. Dalrymple did not work on March 19, 2002, and thus, could not have witnessed Mr. Evon's signature on March 19, 2002.

24. The misrepresentation of Ms. Dalrymple's presence and signature on March 19, 2002 indicates the intent of Mr. Evon to distort Mr. Joseph's employment record.

25. On May 3, 2002, Mr. Evon terminated Mr. Joseph's employment for allegedly leaving a food delivery unattended on April 22, 2002, resulting in food loss and costs.

26. Mr. Joseph was terminated without Mr. Evon providing any proof that Mr. Joseph was in fact responsible for the unattended food.

27. Importantly, Mr. Joseph was terminated just five days before reaching his one year anniversary of employment with Papa Gino's which would have entitled him to an increased salary.

28. Papa Gino's discriminated against Mr. Joseph on the basis of his race (black) and his national origin. (Haitian).

29. Papa Gino's engaged in acts of retaliation as a result of Mr. Joseph's protected activity of filing a Charge of Discrimination.

30. The actions of Papa Gino's were intentional, malicious and/or done with reckless indifference to Mr. Joseph's rights.

31. Mr. Joseph has been injured and has suffered financial as well as severe emotional injury as a result of the discriminatory acts of Papa Gino's.

5

32. Mr. Joseph has complied with all statutory requirements and conditions precedent necessary to maintain this action by filing a timely charge on May 7, 2002 with the MCAD and the EEOC.

### COUNT I- DISCRIMINATION BASSED ON RACE AND NATIONAL ORIGIN
(Violation of M.G.L. C. 151B, § 4(1))

33. Mr. Joseph repeats the allegations contained in paragraph 1 through 32 as if fully set forth herein.

34. Mr. Joseph is a member of a protected group in that he black and of Haitian descent.

35. The conduct of Papa Gino's represents, inter alia, intentional violations of M.G.L. c. 151B, § 4(1).

### COUNT II- RETALIATION
(Violation of M.G.L. c. 151B, § 4(4))

36. Mr. Joseph repeats the allegations contained in paragraphs 1 through 35 as if fully set forth herein.

37. On January 10, 2002, Mr. Joseph engaged in protected activity by filing a Charge of Discrimination with the EEOC and the MCAD.

38. The conduct of Papa Gino's represents, inter alia, intentional retaliation in violation of M.G.L. c. 151B, § 4 (4).

### COUNT III- WRONGFUL DISCHARGE

39. Mr. Joseph repeats the allegations contained in paragraphs 1 through 38 as if fully set forth herein.

6

40. Papa Gino's is liable to Mr. Joseph for wrongful discharge because, inter alia, it fired him to avoid paying him a guaranteed raise in salary, which is a termination against public policy.

## RELIEF SOUGHT

WHEREFORE, Mr. Joseph prays that this Honorable Court:

1. Enter judgment against Papa Gino's on Count I for compensatory damages, punitive damages, reasonable attorney's fees, interest and costs.

2. Enter judgment against Papa Gino's on Count II for compensatory damages, punitive damages, reasonable attorney's fees, interest and costs.

3. Enter judgment against Papa Gino's on Count III for compensatory damages, punitive damages, reasonable attorney's fees, interest and costs.

4. Order Papa Gino's to reinstate Mr. Joseph with back pay; and

5. Enter such other and further relief as the Honorable Court may deem just and necessary.

**THE PLAINTIFF ROSNEL JOSESPH REQUESTS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Rosnel Joseph
Plaintiff

*Rosnel Joseph*
Rosnel Joseph
1165 NE 129th Street
North Miami, Florida 33161
(305) 893-1615

Date: May 3, 2005

7

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)   Rosnell Joseph v. Papa Gino's Inc.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (see local rule 40.1(a)(1)).

___   I.     160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

 X    II.    195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.    for patent, trademark or copyright cases

___   III.   110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

___   IV.    220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

___   V.     150, 152, 153.

3. Title and number, if any, of related cases. (see local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
                                                                                  YES ☐         NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
                                                                                  YES ☐         NO ☒
   If so, is the u.s.a. or an officer, agent or employee of the U.S. a party?
                                                                                  YES ☐         NO ☒

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
                                                                                  YES ☐         NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (see local rule 40.1(d)).
                                                                                  YES ☒         NO ☐

       A.    If yes, in which division do all of the non-governmental parties reside?

             Eastern Division  ☒         Central Division  ☐         Western Division  ☐

       B.    If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

             Eastern Division  ☐         Central Division  ☐         Western Division  ☐

8. If filing a Notice of Removal – are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions).
                                                                                  YES ☐         NO ☒

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME     Ellen M. Majdloch and David S. Rosenthal
ADDRESS             Nixon Peabody, LLP  101 Federal Street, Boston, MA 02110
TELEPHONE NO.       (617) 345-1000

(Cover sheet local.wpd - 09/12/02)

BOS1494654.1

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Rosnel Joseph

**DEFENDANT**
Papa Gino's, Inc.

(b) County of Residence of First Listed Plaintiff  Dade County, Florida
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant  Norfolk
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys (Firm Name, Address, and Telephone Number)
Rosnel Joseph (*pro se*)
1165 N. 129th Street
North Miami, FL 33161
(305) 893-1615

Attorneys (If Known)
David S. Rosenthal, Esq.
Ellen M. Majdloch, Esq.
Nixon Peabody LLP
100 Summer Street
Boston, MA 02110
(617) 345-1000

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place An "X" In One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act125 | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | **HABEAS CORPUS:** | | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities- Employment | ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities- Other | ☐ 550 Civil Rights | | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing. (Do not cite jurisdictional statutes unless diversity): 28 U.S.C. § 1441, *et seq*

Brief description of cause: Plaintiff alleges that he was fired in a retaliatory and discriminatory manner and was not promoted due to discrimination based on his race (black) and national origin (Haitian)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $200,000

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY
(See instructions):  N/A  JUDGE _____  DOCKET NUMBER _____

DATE  5/20/05

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG JUDGE _____