UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROSNEL JOSEPH<br><br>       Plaintiff,<br><br>vs.<br><br>PAPA GINO'S, INC.<br><br>       Defendant. | Docket No. 05-11068-REK |

## LOCAL RULE 81.1 FILING

Pursuant to Local Rule 81.1, Defendant, Papa Gino's, Inc., files herewith attested copies of all records, proceedings and docket entries in the State Court.

          Respectfully submitted,
          PAPA GINO'S, INC.

          By its attorneys,

          _____
          David S. Rosenthal (BBO No. 429260)
          Ellen M. Majdloch (BBO No. 637218)
          NIXON PEABODY LLP
          100 Summer Street
          Boston, MA 02110-2131
          (617) 345-1000

Dated: May 26, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served on the *pro se* party of record, Rosnel Joseph, at 1165 NE 129th Street, North Miami, Florida 33161, by first class certified mail this 26th day of May, 2005.

          _____
          Ellen M. Majdloch

BOS1496039.1

MAS-20041213     Case 1:05-cv-11068-REK    Document 3    Filed 05/26/2005    Page 2 of 9     05/24/2005
levisdeb                                      Commonwealth of Massachusetts                           12:52 PM
NORFOLK SUPERIOR COURT
Case Summary
Civil Docket

## NOCV2005-00785
### Joseph v Papa Gino's Inc

| | | | | | |
|---|---|---|---|---|---|
| **File Date** | 05/03/2005 | **Status** | Disposed: transfered to other court (dtrans) | | |
| **Status Date** | 05/24/2005 | **Session** | A - Civil A-CtRm 10 | | |
| **Origin** | 1 | **Case Type** | B22 - Employment Discrimination | | |
| **Lead Case** | | **Track** | F | | |
| **Service** | 08/01/2005 | **Answer** | 09/30/2005 | **Rule12/19/20** | 09/30/2005 |
| **Rule 15** | 09/30/2005 | **Discovery** | 02/27/2006 | **Rule 56** | 03/29/2006 |
| **Final PTC** | 04/28/2006 | **Disposition** | 06/27/2006 | **Jury Trial** | Yes |

### PARTIES

**Plaintiff**
Rosnel Joseph
1165 NE 129th Street
Miami, FL 33161
Active 05/03/2005 Notify

**Defendant**
Papa Gino's Inc
Service pending 05/04/2005

**Private Counsel 637218**
Ellen M Majdloch
Nixon Peabody
100 Summer St.
Boston, MA 02110
Phone: 617-345-1000
Fax: 617-345-1300
Active 05/24/2005 Notify

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 05/03/2005 | 1.0 | Complaint & jury claim filed $280.00 entry fee paid |
| 05/03/2005 | | Origin 1, Type B22, Track F. |
| 05/03/2005 | 2.0 | Civil action cover sheet filed |
| 05/04/2005 | | fast track notice sent to plff |
| 05/06/2005 | | ONE TRIAL review by Clerk, Case is to remain in the Superior Court |
| 05/24/2005 | 3.0 | Notice of Removal - Case REMOVED this date to US District Court of Massachusetts |

### EVENTS

A TRUE COPY
Attest: _[signature]_
~~Deputy~~ Assistant Clerk
5/24/05

COMMONWEALTH OF MASSACHUSETTS

Norfolk, ss                                                                                    SUPERIOR COURT

| | |
|---|---|
| ROSNEL JOSEPH,<br>    Plaintiff, | |
| v. | CIVIL ACTION NO.: 05 0078? |
| PAPA GINO'S Inc.,<br>    Defendant. | |

### COMPLAINT AND DEMAND FOR JURY TRIAL

Introduction

Plaintiff Rosnel Joseph hereinafter ("Mr. Joseph") files this civil action for money damages against his former employer Defendant Papa Gino's, Inc., (hereinafter "Papa Gino's) alleging claims of unlawful discrimination on the basis of his race (black) and national origin (Haitian) in violation of M.G.L. c. 151B, § 4(1) and for retaliatory acts taken by Papa Gino's against Mr. Joseph for engaging in protected activity in violation of M.G.L. c. 151B, § 4(4).

Jurisdiction

1.  Jurisdiction of this action arises under M.G.L. c. 151B, § 9.

Venue

2.  Venue is proper in this court as this is the judicial district in which the defendant does business and in which the relevant events occurred.

Parties

3.  Plaintiff Rosnel Joseph (hereinafter "Mr. Joseph") is an individual residing in Miami, Dade County, Florida.

1

4. Defendant Papa Gino's Inc. (hereinafter "Papa Ginos") is a corporation duly organized pursuant to the laws of the state of Delaware with a principal place of business at 600 Providence Highway, Dedham, MA.

Factual Allegations

5. On May 1, 2001, Mr. Joseph was hired to participate in Papa Gino's five-week Management In Training program for the position of assistant manager in Papa Gino's Restaurant.

6. On May 15, 2001, Mr. Joseph began his training as an assistant manager at the Papa Gino's Restaurant located in Dedham, MA.

7. During the five-week training program, Mr. Joseph was required to demonstrate competency in various skills relevant to the assistant manager's position. Records indicate that on or about June 25, 2001, Mr. Joseph received "A" *Level Skills* in specific competencies required of an assistant manager in training.

8. In order to receive a promotion to assistant manager at Papa Gino's, an applicant was required to obtain a score of 90% or more on the written Management Training Program Examination (hereinafter "examination").

9. On the first written examination taken on July 10, 2001, Mr. Joseph received a score of 85%. For reasons unknown to Mr. Joseph, his score of 85% was changed to 71%.

10. Consistent with Papa Gino's employment and training policies, Mr. Joseph was permitted to take the examination for a second time. On the second examination taken in October 2001, Mr. Joseph received a score of 100%. However, again for

2

reasons unknown to Mr. Joseph, the examination score was improperly changed from 100% to 85%.

11. The altered second examination score improperly reflected that Mr. Joseph had failed the examination and distorted Mr. Joseph's employment record,

12. In October 2001, Mr. Joseph was transferred to work as an assistant manager at Papa Gino's Restaurant in Walpole Mall (hereinafter "Store # 187").

13. On January 8, 2002, a District Manager at Papa Gino's, Les Evon (hereinafter "Mr. Evon"), advised Mr. Joseph that he would be required to take a third examination.

14. Papa Gino's policy does not require managers in training to take a third examination to obtain the position of assistant manager. Furthermore, Mr. Evon's requirement that Mr. Joseph take a third examination was highly unusual because Mr. Joseph had, in fact, obtained a score of 100% on the second examination.

15. The deliberate misrepresentation of Mr. Joseph's examination scores was a clear distortion of Mr. Joseph's employment record and an attempt to prevent Mr. Joseph's progress within Papa Gino's.

16. Mr. Joseph, who is black and of Haitian descent, was the only manager in training at Papa Gino's required undergo a third examination.

17. On January 10, 2002, Mr. Joseph filed a Charge of Discrimination alleging discrimination on the basis of race and national origin with the Equal Employment Opportunity Commission (hereinafter "E.E.O.C."), Docket Number 16A200146 and a corresponding Charge of Discrimination with the

3

Massachusetts Commission Against Discrimination (hereinafter "M.C.A.D.) Docket Number 02BEM00250.

18. After filing the Charge of Discrimination, Mr. Joseph was subjected to continuous harassment and intimidation by Mr. Evon. Upon learning of the Charge of Discrimination, Mr. Evon warned Mr. Joseph that he would "have a hard time at Papa Gino's."

19. In mid-February 2002, less than a month after filing a Charge of Discrimination, Mr. Joseph was involuntarily transferred from the Walpole Mall Store #187 to the Watertown Restaurant Store #62, a store that did less business volume and lessened Mr. Joseph's chances of obtaining a promotion to a manager's position.

20. Furthermore, Mr. Evon engaged in conduct which clearly evidenced disparate treatment in the terms and conditions of Mr. Joseph's employment. For instance, notwithstanding Papa Gino's policy requiring two employees to deposit the nightly receipts in the bank, Mr. Evon refused to allow other employees to accompany Mr. Joseph to deposit the night receipts in the bank.

21. Mr. Joseph was the only employee required to submit nightly deposits in the bank without the assistance of other employees.

22. Also, Mr. Evon engaged in a campaign of drafting substandard evaluations of Mr. Joseph's work performance to discredit him because he had filed a Charge of Discrimination.

23. Mr. Evon was so intent upon orchestrating a campaign against Mr. Joseph that the written warnings and performance evaluation contain clear misrepresentations of facts. For instance, Mr. Evon indicates in a written warning to Mr. Joseph dated

March 19, 2002, that general manager, Sharon Dalrymple, witnessed Mr. Evon's written signature on the document dated March 19, 2002. However, Ms. Dalrymple did not work on March 19, 2002, and thus, could not have witnessed Mr. Evon's signature on March 19, 2002.

24. The misrepresentation of Ms. Dalrymple's presence and signature on March 19, 2002 indicates the intent of Mr. Evon to distort Mr. Joseph's employment record.

25. On May 3, 2002, Mr. Evon terminated Mr. Joseph's employment for allegedly leaving a food delivery unattended on April 22, 2002, resulting in food loss and costs.

26. Mr. Joseph was terminated without Mr. Evon providing any proof that Mr. Joseph was in fact responsible for the unattended food.

27. Importantly, Mr. Joseph was terminated just five days before reaching his one year anniversary of employment with Papa Gino's which would have entitled him to an increased salary.

28. Papa Gino's discriminated against Mr. Joseph on the basis of his race (black) and his national origin. (Haitian).

29. Papa Gino's engaged in acts of retaliation as a result of Mr. Joseph's protected activity of filing a Charge of Discrimination.

30. The actions of Papa Gino's were intentional, malicious and/or done with reckless indifference to Mr. Joseph's rights.

31. Mr. Joseph has been injured and has suffered financial as well as severe emotional injury as a result of the discriminatory acts of Papa Gino's.

32. Mr. Joseph has complied with all statutory requirements and conditions precedent necessary to maintain this action by filing a timely charge on May 7, 2002 with the MCAD and the EEOC.

### COUNT I- DISCRIMINATION BASSED ON RACE AND NATIONAL ORIGIN
(Violation of M.G.L. C. 151B, § 4(1))

33. Mr. Joseph repeats the allegations contained in paragraph 1 through 32 as if fully set forth herein.

34. Mr. Joseph is a member of a protected group in that he black and of Haitian descent.

35. The conduct of Papa Gino's represents, inter alia, intentional violations of M.G.L. c. 151B, § 4(1).

### COUNT II- RETALIATION
(Violation of M.G.L. c. 151B, § 4(4))

36. Mr. Joseph repeats the allegations contained in paragraphs 1 through 35 as if fully set forth herein.

37. On January 10, 2002, Mr. Joseph engaged in protected activity by filing a Charge of Discrimination with the EEOC and the MCAD.

38. The conduct of Papa Gino's represents, inter alia, intentional retaliation in violation of M.G.L. c. 151B, § 4 (4).

### COUNT III- WRONGFUL DISCHARGE

39. Mr. Joseph repeats the allegations contained in paragraphs 1 through 38 as if fully set forth herein.

6

40. Papa Gino's is liable to Mr. Joseph for wrongful discharge because, inter alia, it fired him to avoid paying him a guaranteed raise in salary, which is a termination against public policy.

## RELIEF SOUGHT

WHEREFORE, Mr. Joseph prays that this Honorable Court:

1. Enter judgment against Papa Gino's on Count I for compensatory damages, punitive damages, reasonable attorney's fees, interest and costs.

2. Enter judgment against Papa Gino's on Count II for compensatory damages, punitive damages, reasonable attorney's fees, interest and costs.

3. Enter judgment against Papa Gino's on Count III for compensatory damages, punitive damages, reasonable attorney's fees, interest and costs.

4. Order Papa Gino's to reinstate Mr. Joseph with back pay; and

5. Enter such other and further relief as the Honorable Court may deem just and necessary.

**THE PLAINTIFF ROSNEL JOSESPH REQUESTS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Rosnel Joseph
Plaintiff

*Rosnel Joseph*
Rosnel Joseph
1165 NE 129th Street
North Miami, Florida 33161
(305) 893-1615

Date: May 3, 2005

A TRUE COPY
Attest: _____
Deputy Assistant Clerk
5/24/05

7