UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                            )
                                            )
ROSNEL JOSEPH,                              )
          Plaintiff                         )
                                            )        CIVIL ACTION
          v.                                )        NO. 05-11068-REK
                                            )
PAPA GINO'S INC.,                           )
          Defendant                         )
                                            )
_____     )

**Memorandum and Order**
October 25, 2005

## I.  Pending Matters

Pending for decision are matters related to the following filings:

(1) Plaintiff's Motion to Re-Schedule Scheduling Conference (Docket No. 9, filed
October 19, 2005).


## II. Factual and Procedural Background

This is an action for money damages for discrimination on the basis of race and
national origin in violation of Section 4(1) of Massachusetts General Laws Chapter 151B,
retaliation in violation of Section 4(4) of Massachusetts General Laws Chapter 151B, and
wrongful discharge.  Plaintiff Rosnel Joseph is black and of Haitian descent and was formerly
employed by defendant, Papa Gino's, Inc.  Plaintiff alleges that his examination scores were
improperly recorded in an attempt to prevent his employment progress, and that he was the only
manager in training required to undergo a third written examination.  On January 10, 2002, after

learning that he would have to take a third examination, plaintiff filed Charges of Discrimination on the basis of race and national origin with the Equal Employment Opportunity Commission and the Massachusetts Commission Against Discrimination.  Plaintiff alleges that his supervisor then subjected him to continuous harassment and intimidation, and that this discrimination culminated in plaintiff's supervisor terminating him on May 3, 2002, just prior to plaintiff's one-year anniversary of employment.

Plaintiff originally filed this action pro se in the Superior Court of Massachusetts on May 3, 2005.  Pursuant to Sections 1441 and 1446 of Title 28 of the United States Code, defendant then removed this action to the United States District Court for the District of Massachusetts.  Removal was based on the court having original jurisdiction under Section 1332(a)(1) of Title 28 since defendant is incorporated under the laws of Delaware with a principal place of business in Massachusetts, plaintiff is a citizen of Florida, and the amount in controversy exceeds $75,000.  Defendant's Notice of Removal was filed on May 20, 2005.  (Docket No. 1.)

### III. Analysis

Defendant is a citizen of Massachusetts for purposes of subject matter jurisdiction. See Diaz-Rodriguez v. Pep Boys Corp., 410 F.3d 56, 58 (1st Cir. 2005) (stating that, "[f]or diversity purposes, a corporation is a citizen of both the state where it is incorporated and the State where it has its principal place of business") (internal quotations omitted).  Section 1441(b) of Title 28 of the United States Code provides:

> Any civil action of which the district courts have original jurisdiction
> founded on a claim or right arising under the Constitution, treaties or
> laws of the United States shall be removable without regard to the
> citizenship or residence of the parties.  Any other such action shall
> be removable only if none of the parties in interest properly joined
> and served as defendants is a citizen of the state in which such
> action is brought.

28 U.S.C. § 1441(b).  Applying the so-called "forum defendant rule," see Hurley v. Motor Coach Indus., Inc., 222 F.3d 377, 379 (7th Cir. 2000), to the instant case means that, since the district court's jurisdiction is based solely on diversity jurisdiction and the original action was filed in Massachusetts, defendant's Massachusetts citizenship makes removal improper.

Section 1447(c) of Title 28 of the United States Code requires the opposing party to file a motion to remand within thirty days after the filing of the notice of removal when the motion is on the basis of any procedural defect other than lack of subject matter jurisdiction. Because thirty days have passed since defendant filed the notice of removal and plaintiff has not filed a motion to remand, the question at issue is thus whether a violation of the forum defendant rule is a procedural defect, which can be waived if not objected to within thirty days, or whether it creates a lack of subject matter jurisdiction, so a court must remand whenever the defect is discovered.

The majority of circuits that have addressed the question have found that removal by a defendant who was a citizen of the state in which the action was brought was merely a procedural defect.  See, e.g., Hurley, 222 F.3d at 379 (stating that "[t]he overwhelming weight of the authority...is on the 'nonjurisdictional' side of the debate"); but see Hurt v. Dow Chem. Co., 963 F.2d 1142, 1145-46 (8th Cir. 1992) (finding that removal by a citizen defendant created a lack of subject matter jurisdiction).  The First Circuit is among the circuits that do not consider

improper removal based on the forum defendant rule to be a jurisdictional defect that cannot be waived. Farm. Constr. Serv., Inc. v. Fudge, 831 F.2d 18, 22 (1st Cir. 1987) (referring to improper removal as "technically inappropriate"). Plaintiff thus appears to have waived his right to challenge defendant's improper removal by failing to file a motion to remand within thirty days of defendant's notice of removal.

Plaintiff, however, is not represented by counsel. It is settled law that courts must set less stringent standards than they would impose on documents drafted by a lawyer when construing pleadings drafted by pro se parties, see, e.g., Haines v. Kerner, 404 U.S. 519, 520-21 (1972), and courts are generally less willing to consider a pro se party's failure to respond in a timely manner as a waiver. See United States v. Valencia-Copete, 792 F.2d 4, 6 (refusing to find that a pro se litigant waived his right to appeal in the absence of clear notice of the legal requirements for such waiver). Plaintiff here likely did not know to file a timely motion to remand. Although I am unable to determine whether defendant was aware of this procedural defect and took advantage of plaintiff's pro se status in removing improperly or whether defendant is woefully unaware of the basic legal requirements for removal to federal court, I believe that the interests of fairness and justice require that I remand this case to the Superior Court of Massachusetts.

Because this case is no longer before me, I will dismiss plaintiff's motion to re-schedule as moot.

4

## ORDER

For the foregoing reasons, it is ORDERED:

(1) Plaintiff's Motion to Re-Schedule Scheduling Conference (Docket No. 9) is

DISMISSED AS MOOT; and

(2) The Clerk is directed to enter forthwith an Order of Remand as follows:

This case is remanded to the Norfolk County Superior Court
for the Commonwealth of Massachusetts.

_____/s/Robert E. Keeton____
Robert E. Keeton
Senior United States District Judge

5